# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1267V
(not to be published)

| | |
|---|---|
| RYAN BRONSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 8, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Tonya Anne Oliver, Bichler, Oliver, Longo & Fox PLLC, for Petitioner.*

*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 22, 2018, Ryan Bronson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on October 15, 2015. (Petition at ¶¶1-21). On October 31, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 55.)

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed a motion for attorney's fees and costs, dated April 1, 2020, (ECF No. 60). On May 20, 2020, Petitioner filed an amended motion for attorney's fees and costs requesting an award of $12,228.81 (representing $11,006.00 in fees and $400.00 in costs).[3] In accordance with General Order #9, Petitioner filed a signed statement indicating that Petitioner incurred out-of-pocket expenses in the amount of $822.81.[4] (*Id*. at 9). Respondent reacted to the motion on April 8, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 63).  On April 15, 2020, Petitioner filed a reply stating that she would be filing the aforementioned Amended Motion for attorney's fees and costs which would include more detailed billing invoices, an affidavit in support of the requested hourly rate, and any other necessary supporting documentation.  (ECF No. 62.)

I have reviewed the billing records submitted with Petitioner's request.  In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs as follows:

- **A lump sum of $12,483.50, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel,  Tonya Anne Oliver; and**

- **A lump sum of $822.81, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[3] Petitioner's motion states that Attorney Oliver billed 22.70 hours at $375 per hour for a total of $7,035.00. (ECF No. 63 at 5). However, this calculation is incorrect and actually equals $8,512.50. Petitioner's requested amount of $11,006.00 in fees is comprised of the incorrect calculation of $7,035.00 in Ms. Oliver's fees, $1,820 in fees billed by an associate attorney and $2,151.00 in paralegal fees. (*Id.*).  The amount awarded to Petitioner will include the correct calculations.

[4] The General Order No. 9 states that Petitioner "incurred $822.81 in costs, plus $400 in filing fees related to the prosecution of this case" (ECF No. 63 at 9). On June 1, 2020 the staff attorney managing this case contacted counsel for Petitioner to clarify that the expenses incurred were incurred by Petitioner and not by counsel. *See Informal Remark,* June 1, 2020.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                                         **s/Brian H. Corcoran**
                                                                         Brian H. Corcoran
                                                                         Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.